[Cite as *First Natl. Bank of Shelby v. Swank*, 2011-Ohio-5428.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FIRST NATIONAL BANK OF SHELBY

    Plaintiff-Appellee

v.

ROBERT L. SWANK, ET AL.

    Defendants-Appellants

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.


Case No. 11CA0011

O P I N I O N


CHARACTER OF PROCEEDING:

Appeal from the Court of Common
Pleas, Case No. 04-CV-606D


JUDGMENT:

Affirmed


DATE OF JUDGMENT:

October 19, 2011


APPEARANCES:

For Plaintiff-Appellee

BENJAMIN D. KITZLER
3 North Main Street, Suite 803
Mansfield, OH  44902

ROBERT S. NAYLOR
P.O. Box 4697
Steubenville, OH  43952

WAYNE A. ZACOUR
142 West Liberty Street
P.O. Box 218
Wooster, OH  44691

For Defendants-Appellants

MICHAEL L. INSCORE
13 Park Avenue West, Suite 400
Mansfield, OH  44902

JON K. BURTON
9 North Mulberry Street
Mansfield, OH 44902

STEVEN J. PAFFILAS
801 W. Superior Avenue, Room 400
Cleveland, OH  44113

MARCIA J. MACON-BRUCE
150 East Gay Street, 21st Floor
Columbus, OH  43215


*Farmer, J.*

{¶ 1} This case has a long and tortuous legal history dating back to 1996. Freeman Swank Sr., now deceased, and his wife Rheabelle Swank (hereinafter "Swank Parents") are the parents of Freeman Swank, Jr. (hereinafter "Jr."), and appellants herein, Robert L. Swank and E. Clark Swank. The Swank Parents owned over 500 acres of farm land on which they conducted dairy and farming operations and raised cattle and hogs. Appellants worked on the family farm; Robert beginning in 1965 and Clark in 1968. They ceased working on the farm in 1995.

{¶ 2} Over time, the Swank Parents incurred considerable debt in operating their farm and defaulted on their first mortgage. On June 20, 1996, Jr. purchased the defaulted first mortgage and became the assignee.

{¶ 3} On June 8, 2004, appellee, First National Bank of Shelby, filed a complaint against several defendants, including several members of the Swank Family: appellants and appellees Jr., his wife Mary Jane Swank, the Estate of Freeman Swank, Sr., Rheabelle Swank, and Regal Eagle Enterprises, Inc. Appellee First National alleged that the Swank Parents defaulted on a promissory note dated July 6, 1988. Appellee First National sought foreclosure of a mortgage on a portion of the Swank Family farm used for collateral. Appellee First National also alleged that Jr. defaulted on a 1998 promissory note. The note was secured by the portion of the Swank Family farm that Jr. had purchased on June 20, 1996. Mary Jane joined in assigning the mortgage interest as security for the 1998 note.

{¶ 4} In 2009, a proposed agreed order of sale was entered into between appellee First National and Jr., Mary Jane, and Rheabelle. On November 16, 2009, appellants, having been dismissed on August 2, 2006, filed objections to the agreed

order of sale. On November 17, 2010, appellants filed a motion to intervene as judgment lien creditors. On December 20, 2010, the agreed order of sale was filed followed by an order granting appellants the right to intervene. Appellants filed an answer and cross-claim on December 22, 2010.

{¶ 5} On January 19, 2011, appellants filed a Civ.R. 60(B) motion to vacate the agreed order of sale. Before a ruling was made, appellants filed their notice of appeal. This matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING VALIDITY AND ASSIGNING VALUES AND THE ORDER OF PRIORITIES OF LIENS IN ITS ORDER OF SALE (TO WHICH ONLY THE PLAINTIFF AND DEFENDANT DEBTORS AGREED) WITHOUT A TRIAL AND IN THE ABSENCE OF A MOTION OR OF A FINDING THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED."

II

{¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT DEFENDANT FREEMAN SWANK, JR.'S PROMISSORY NOTE OF JULY 31, 1998, WAS SECURED BY AN ASSIGNED MORTGAGE INTEREST."

III

{¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE EXTENT THE ORDER OF SALE PROVIDES THAT THE UNITED STATES OF AMERICA IS IN FOURTH PRIORITY POSITION WITH

RESPECT TO THE RESIDENCE AND DAIRY FARM PROPERTIES AS TO WHICH IT HAS NO LIEN AT ALL."

## I, II

{¶ 9} These assignments of error challenge the validity of the agreed order of sale filed December 20, 2010. Appellants claim the order of sale is invalid, and it improperly assigned values and priorities. Appellants also challenge the validity of Jr.'s promissory note as secured by the assigned mortgage interest. We find a resolution of these issues centers on the procedural history and the agreed order of sale; therefore, the issues will be addressed collectively.

{¶ 10} In the original complaint filed June 8, 2004, appellants were named as party defendants by virtue of their pending civil actions:

{¶ 11} "15. The following Defendants also claim the following liens or interests in said premises and should have notice of the within proceedings and should be required to explain to the Court the nature and extent of said interests:

{¶ 12} "* * *

{¶ 13} "(2) Defendants, The Unknown Heirs, Devisees, Executors, Administrators and/or Personal Representatives of Freeman J. Swank aka Freeman J. Swank, Sr., deceased, and/or Robert L. Swank and E. Clark Swank by virtue of the death of said named defendant and in the case of Robert L. Swank and E. Clark Swank by virtue of their claims in Consolidated Cases Numbered 96-254H, 96-278H, 96-501D, 97-11H and/or any related cases in the Common Pleas Court of Richland, County, Ohio."

{¶ 14} In their August 13, 2004 amended answer at second and fourth defenses, appellants asserted a judgment entry in a pending case and a lis pendens claim, and challenged Jr.'s claim:

{¶ 15} "[Second Defense] (Statement of Defendant's Lien Positions)

{¶ 16} "(5)(A) On July 13, 2001 in the Consolidated cases specified in (B) below, the court held that the Defendants had an interest in the real property that is included in Plaintiff's mortgage claim, the extent of which interest was deferred for subsequent adjudication. (Exh. A attached.) On July 22, 2004 the court quantified these Defendants' interests at $136,350.06 and $113,625.05 as of December, 1995 for Robert L. Swank and E. Clark Swank, respectively. (Exh. B attached.) These Defendants claim lien positions accordingly in the premises described in Plaintiffs' Exhibit B mortgage together with interest thereon at the statutory rate from December 31, 1995 together with a lis pendens (sic) priority date of January 3, 1997.

{¶ 17} "(Defendants' Lis Pendens, Waiver and Estoppel Defenses)

{¶ 18} "(B) Defendants state that Plaintiff has waived its right to a first lien priority position and is estopped: (A) to assert such a position against any other lien holder as to the amount of the proceeds it received from parcel sales in 1996, 1997 and 1998 and thereafter or from mortgagors or their assignees thereafter to the extent it did not apply those proceeds to its mortgagors' loan; (B) to assert that its lien has priority over Plaintiffs' January 3, 1997 lis pendens lien claims in Case No. 97-11-H (asserted and partially adjudged in Consolidated Cases 96-254-H, 96-278-H, 96-501-D, 97-11-H as set forth above) to the extent it (after January 3, 1997) did not enforce or seek enforcement of its collection rights against mortgagors and their title assignees and to

the extent they permitted mortgagors to convey title to Swanks, Jr. without obligating grantees personally on the mortgage debt owing to Plaintiff; (C) to assert that its lien claims having priority over Defendants' claims should not be reduced by its actions and failures to act with the intention to impede and hinder creditors of mortgagors and their assigns in violation of R.C. Chap. 1336, Ohio Uniform Fraudulent Transfer Act; and (D) to assert its lien is prior to the lien claims of other parties intervening and antedating its record modification of those terms as alleged and claimed in an attached but unreferenced attachment to Exhibit B to its Complaint entitled Extension Agreement dated December 30, 1998).

{¶ 19} "[Fourth Defense] (11) Plaintiff's alleged claim for a lien position in its Fourth Cause of Action does not state a claim entitling it to relief in several respects: (A) there is no basis alleged for the assertion that the 1996 assignments (Exhibits D, E and F) secure the alleged 1998 note; (B) there is no allegation that any balance is owing on the Exhibit D assigned mortgages or that any such balance is in default; (C) Exhibit D was security for a contemporaneous loan to Freeman J. Swank, Jr. and Mary Jane Swank (that has apparently been satisfied) although Exhibit D purports to be, not security for a debt, but a conveyance of the mortgage debt; and (D) the mortgage debt referenced in Exhibit D was merged into title conveyed to Freeman J. Swank, Jr. and Mary Jane Swank in March 1998 and hence did not exist when the alleged (Par.8) July 31, 1998 loan was made to Freeman J. Swank, Jr."

{¶ 20} As the history of the litigation progressed through this court, resolving some of appellants' pending civil actions, the trial court granted appellee First National's May 31, 2006 motion to drop appellants from the lawsuit:

{¶ 21} "Plaintiff, First National Bank of Shelby, filed a motion to drop Clark and Robert Swank as parties defendant. Plaintiff's motion is based on the grounds that the decision of the 5[th] District Court of Appeals in Swank v. Swank, case number 2004CA0111 determined that Robert and Clark Swank have no present interest in the property subject to foreclosure. Therefore, they are no longer necessary parties. Defendants, Robert and Clark Swank, assert that they have unadjudicated viable claims to equitable interests in the subject real property.

{¶ 22} "***

{¶ 23} "The opinion of the Court of Appeals states unequivocally,

{¶ 24} " '¶ 91} The conclusion that Appellees E. Clark and Robert had an oral contractual interest in the farms is an unenforceable contract to make a Will as no present interest, by partnership or otherwise is supported by the evidence.' " (emphasis supplied)

{¶ 25} "Defendants, Robert and Clark Swank, assert that the Court of Appeals opinion did not adjudicate all their claims and they still have an equitable, but as yet undetermined, interest in the subject property.

{¶ 26} "The language of the opinion wherein some unadjudicated claims were upheld specifically states that these claims are other than a present interest in real property.

{¶ 27} "***

{¶ 28} "Assignment of Error I in Case 2004CA0112 was:

{¶ 29} "I. THE LOWER COURT ERRED IN DETERMINING PLAINTIFF-APPELLEES HAVE A LEGALLY ENFORCEABLE INTEREST IN THE REAL ESTATE

AND FARM CHATTELS OWNED BY DEFENDANT-APPELLANTS. The court again rejected any claim in the real property while upholding other unadjudicated claims stating:

{¶ 30} " 'As to the First Assignment in case 2004CA0112, that aspect relative to the claimed interest in the real estate is sustained due to the prior ruling herein. As to the farm chattels, such Assignment is sustained as the basis for such interest must be reconsidered in light of the claim of purchasing by the two sons of cattle and livestock.'

{¶ 31} "Since the decision of the Court of Appeals is not open to any other construction, this court finds that Clark and Robert have no present interest in the real property that is the subject of this foreclosure proceeding. Therefore they are dismissed as parties to this action." Judgment Entry filed August 2, 2006.

{¶ 32} Because no appeal was taken from this determination, we find the law of the case doctrine applies:

{¶ 33} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.***Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.

{¶ 34} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.***However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior

and inferior courts as designed by the Ohio Constitution.***"  *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3.  (Citations omitted.)

{¶ 35} In October 2009, an agreed order of sale was presented to the trial court. By order filed October 12, 2009, the trial court ordered the following in pertinent part:

{¶ 36} "2. If any party objects to the Agreed Order of Sale, they shall file specific written objections with the court on or before November 16, 2009.

{¶ 37} "3. Any party that fails to file written objections as set forth in Paragraph 2 will be deemed by the Court to be in agreement with the Agreed Order of Sale.

{¶ 38} "4. Further action will be taken by the Court based on either (a) the objection(s) of parties to the proposed Order of Sale, or (b) the agreement of all parties and Court execution of an Order for Sale."

{¶ 39} Appellants filed objections on November 16, 2009, but they were not parties to the action and their civil litigation was still pending.  Appellants also filed objections via an "Amicus Brief" filed on January 11, 2010.  The trial court did not grant leave for such a filing.  On November 15, 2010, the trial court set a pretrial for November 19, 2010, and invited "other lien holders" to attend.  Two days later on November 17, 2010, appellants moved to intervene, to be added as parties, citing a jury verdict in their favor in Richland Case No. 1996CV254, or in the alternative, reconsideration of the August 2, 2006 order dismissing them from the lawsuit.

{¶ 40} The agreed order of sale was journalized on December 20, 2010 at 10:41 a.m., and the order joining appellants as new party defendants was filed on same date at 10:42 a.m.  The latter order stated the following:

{¶ 41} "Defendants E. Clark Swank and Robert Swank are entitled to defend and assert their rights as judgment lien holders. Subject to the doctrine of *Lis Pendens*, R.C. §2703.26, said defendants take their interests in the subject property subject to the outcome of this case, specifically, subject to the decree of the foreclosure previously issued. Defendants E. Clark Swank and Robert Swank have a right to establish their interests in the proceeds of sale of the subject property. *Rokakis v. Martin* (Jan. 29, 2009), Cuyahoga App. No. 92124, citing *Sharp v. Kuhn* (Oct. 4, 1978), Fayette App. No. 78 CA 10. As such, defendants E. Clark Swank and Robert Swank shall file an answer asserting their interests in the subject property pursuant to the judgment lien no later than January 15, 2010."

{¶ 42} Appellants answered/cross-claimed on December 22, 2010, asserting the following in their cross-claim:

{¶ 43} "(2) The lien interest claimed by Mary Jane Swank, Trustee, is invalid in full or in part as it was cancelled in full or in part via application of the doctrine of merger upon the transfer of legal title to Freeman Swank, Jr. and Mary Jane Swank.

{¶ 44} "(3) If the alleged assignment or pledge of the Bank One mortgage interests by Freeman Swank, Jr., to Plaintiff is upheld, then Mary Jane Swank, Trustee, is not a holder of the mortgage lien interest as alleged by her due to the prior assignment or pledge of same.

{¶ 45} "(4) The note secured by the Bank One mortgage has been paid in full or in part."

{¶ 46} The Swank Parents, Jr., Mary Jane, and Regal Eagle Enterprises filed an answer to the cross-claim on January 14, 2011. The answer is a general denial and

included the equitable defenses of failure to state a claim, failure to mitigate, laches, lack of consideration, and setoff.

{¶ 47} The amended certificate of judgment in Richland Case No. 1996CV254 was not filed until December 22, 2010, after the disposition of a judgment notwithstanding the verdict motion. This was after the journalization of the agreed order of sale on December 20, 2010.

{¶ 48} At the time of the agreement of the agreed order of sale, appellants were not parties to the lawsuit and had no pending judgment entry in their favor. At the time of the December 20, 2010 journalization of the agreed order of sale, there still was no final judgment in Richland Case No. 1996CV254. Without a final judgment, appellants were not judgment creditors and were not mandatory parties to the action sub judice.

{¶ 49} We therefore conclude the trial court did not err in accepting the agreed order of sale and its establishment of priorities. From October 12, 2009 to December 20, 2010, there was never an objection by a party to the action.

{¶ 50} Appellants alone protested to the priority of Jr.'s promissory note and mortgage, and they were non-parties. We therefore conclude it was not error to so find via the agreed order of sale.

{¶ 51} Assignments of Error I and II are denied.

III

{¶ 52} Appellants argue the agreed order of sale is invalid because it provides for the United States of America to be fourth in priority.

{¶ 53} In the agreed order of sale, the trial court prioritized the United States of America as fourth: "(4) To Defendant United States of America, by virtue of its Federal

Tax Lien, as set forth in its Answer herein, the sum of $58,018.81 plus interest and penalties from the date of assessment."

{¶ 54} As stated in our discussion of Assignments of Error I and II, no objections were made by any parties to the action per the trial court's order.  We find the inclusion of the federal tax lien not to be error.

{¶ 55} Assignment of Error III is denied.

{¶ 56} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and Edwards, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

_s/ Julia A. Edwards_____

JUDGES

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRSTNATIONAL BANK OF SHELBY, | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT L. SWANK, ET AL. | : | |

Defendants-Appellants        :        CASE NO. 11CA0011

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.  Costs to appellants Robert and E. Clark Swank.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


 s/ Julia A. Edwards_____

JUDGES